IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY LEE HERRING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-cv-01559 |
| | ) | Judge Robert J. Colville |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| FAYETTE COUNTY PRISON, WARDEN MYERS, SGT MYERS, SGT BRANSON, | ) | Re: ECF No. 19 |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STANLEY HERRING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-57 |
| | ) | Judge William S. Stickman IV |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| SCI-FAYETTE, (J-Block), | ) | Re: ECF No. 12 |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff Stanley Herring, a prisoner currently confined at the State Correctional Institution at Fayette ("SCI-Fayette") has filed two actions before the Court and in both has requested that the Court appoint counsel to represent him. For the reasons that follow, the motion will be denied.

Plaintiff's first action at No. 20-1559 asserts apparent Eighth and Fourteenth Amendment claims as well as claims pursuant to the Americans with Disabilities Act of 1990 against the Fayette County Prison and identified corrections and medical staff for failing to protect him from repeated sexual assault and for failing to treat his alleged serious mental health issues during his

1

incarceration.  ECF No. 20.  Plaintiff's second action at No. 21-57 alleges claims against SCI-Fayette arising out of the loss or destruction of his personal property.  ECF No. 7.

At No. 20-1559, Plaintiff filed a letter to the Court requesting the appointment of counsel. ECF No. 19.  Based on Plaintiff's allegations of severe mental illness set forth in the Amended Complaint, the Court requested that Plaintiff provide authorization for disclosure of his mental health records for *in camera* review to determine whether Plaintiff is capable of self-representation.  ECF Nos. 20, 21, 29, 34.  Plaintiff then filed the pending Motion for Appointment of Counsel at No. 21-57 asserting that he requires counsel due to "mental disorders."  ECF No. 12. Plaintiff has authorized the release of his mental health records for the period December 1, 2019 through March 31, 2021, and the Court has conducted a detailed review to determine the nature and extent of Plaintiff's alleged disability.

Plaintiff's mental health records establish that he has diagnoses of anxiety and depression, for which he is prescribed medication.  Plaintiff is seen on a regular basis by mental health professionals at his current facility and on each occasion, he is described as cooperative, with affect, insight, perceptions, and orientation all within normal limits.  In addition, his thinking is described as logical and he evidences no impairment.  He states that he received special education services for reading but he is noted to spend time in his cell reading and completing puzzles.

Unlike criminal defendants, prisoners and indigent civil litigants have no constitutional or statutory right to counsel.  See, e.g., Parkell v. Danber, 833 F.3d 313, 340 (3d Cir. 2016); Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has emphasized "that volunteer lawyer time is extremely valuable" and for that reason district courts should not request counsel "indiscriminately." Tabron

v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). There are "significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal court; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." Id. Therefore, district courts have "broad discretion to determine whether it is appropriate to ask an attorney to represent an indigent prisoner in a civil rights action." Parkell, 833 F.3d at 340; Tabron, 6 F.3d at 157-58.

As a threshold matter, the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Id. at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts." After careful consideration of Plaintiff's allegations, it appears that the appointment of counsel is not warranted and, therefore, the Court will not exercise its discretion.

Assuming for the purposes of this Memorandum Order only that each case has arguable merit, the Court concludes that the balance of the above-cited factors weigh against the

appointment of counsel. In considering factors one and two, the litigant's ability to present his case and the difficulty of the legal issues involved, it is clear that the issues presented in both complaints are neither difficult nor complex, and nothing in the record indicates that Plaintiff is incapable of presenting his case. Despite Plaintiff's allegations of severe mental illness, he has amply demonstrated his ability to file motions, respond to motions and otherwise communicate with the Court in both pending cases. Moreover, his mental health records reveal that Plaintiff is within normal limits in perceptions, oriented appropriately, and capable of logical and goal directed thinking. Because Plaintiff is a *pro se* litigant, he also has the benefit of the holding in Haines v. Kerner, 404 U.S. 519 (1972), and its progeny, which provide that the court must liberally construe *pro se* pleadings.

Similarly, the third consideration, the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation, does not weigh in favor of the appointment of counsel since Plaintiff's case would basically rely on his testimony and little factual investigation appears necessary.

Further, while it may be that the credibility of witnesses will be at issue, as it is in every case, it does not appear that the case will become a "swearing contest" or that proper adjudication will require the testimony of expert witnesses.

Indeed, the only factor that seemingly weighs in Plaintiff's favor is the fact that he would be unable to afford to retain counsel on his own behalf as evidenced by his having requested and been granted *in forma pauperis* status. While it may be that this factor weighs in favor of appointing counsel, standing alone, it does not outweigh the other factors discussed. See Torrence v. Saunders, 2012 WL 137744, at *2 (D.N.J. Jan. 18, 2012); Torres v. Yocum, 2011 WL 6100333,

at *2 (M.D. Pa. Dec. 07, 2011); Ortiz v. Schmidt, 2011 WL 282745, at *2 (D.N.J. Jan. 24, 2011).[1]

The Court does not intimate that Plaintiff would not benefit from the appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of the Court's discretion.  Thus, until such time as a showing is made that the interests of justice require the Court to exercise its discretion, the Court declines to do so.  See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981).  Accordingly, the following Order is entered:

AND NOW, this 11th day of May 2021, IT IS HEREBY ORDERED that Plaintiff's Motions for Appointment of Counsel, are DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Robert J. Colville
      United States District Judge

      The Honorable William S. Stickman, IV
      United States District Judge

---

[1] It should also be noted that under our Local Rules of Court, motions for the appointment of counsel submitted by incarcerated individuals who are proceeding pro se, as Plaintiff is, are not to be granted until after dispositive motions have been resolved absent special circumstances. W.D. Pa. LCvR 10C. Not only are there no special circumstances surrounding this case but Defendants have not yet been served with the Complaint and thus have not had the opportunity to respond.

All counsel of record via CM/ECF

Stanley Herring
NZ-9854
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450